IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| MELVIN DALE, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| vs. | : | CASE NO. 5:08-CV-363 CAR |
| | : | |
| STANLEY WILLIAMS and | : | 28 U.S.C. § 2241 |
| U.S. BUREAU OF PRISONS, | : | Habeas Corpus Petition |
| | : | |
| Respondents. | : | |

## REPORT AND RECOMMENDATION

On October 27, 2008, Petitioner filed the above-styled petition for writ of habeas corpus. (R-1). A review of the case upon which Petitioner bases his application for habeas corpus relief, Case No. 5:04-CR-48-1 (HL), reveals that Petitioner was taken into federal custody on June 17, 2004, pursuant to a writ ad prosequendum. Petitioner subsequently entered a plea of guilty to Possession of a Firearm by a Convicted Felon on March 23, 2005, and was sentenced by the United States District Court for the Middle District of Georgia court to twenty-seven months imprisonment, to be followed by three years of supervised release. However, after his sentencing in federal court, Petitioner was transferred to Butts County, Georgia, on August 3, 2005, to answer pending state charges. The state charges were ultimately dropped and Petitioner was, despite a detainer filed by the United States Marshal Service, released from custody. Petitioner was arrested in Butts County, Georgia, in December 2006, and is currently incarcerated at the Bostick State Prison in Hardwick, Georgia, where he is serving time for a conviction on March 17, 2007, of trafficking in

methamphetamine. In his application for habeas relief, Petitioner claims that he is entitled to credit toward his federal sentence for the time he served in federal and state custody prior to his release. (R-1).

As a preliminary matter, it should be noted that Petitioner's application for habeas corpus relief pursuant to 28 U.S.C. § 2241 is premature. Petitioner is not seeking release regarding the sentence he is currently serving. As was previously stated, Plaintiff is currently serving a sentence on a state conviction unrelated to the conviction and sentence for which he seeks relief in this case. Respondents contend that Petitioner has technically not served a single day of his federal sentence because he was released from state custody after the state charges were ultimately dropped, inexplicably, even though there was a federal detainer on Petitioner at the time.

Furthermore, the relief that Petitioner seeks is a matter out the this court's hands. He may well get credit for time served, but that can only be done by the Federal Bureau of Prisons (BOP). Title 18, United States Code, Section 3585 provides, with regard to calculation of a term of imprisonment, that:

> **(a) Commencement of sentence.** – A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
> **(b) Credit for prior custody.** – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences
> (1) as a result of the offense for which the sentence was imposed
>     or

> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

District Courts, however, are not authorized to compute a credit at sentencing. *United States v. Wilson,* 503 U.S. 329, 112 S.Ct. 1351, 1354 (1992); *Castillo v. Federal Correctional Institution of Tallahassee,* 163 Fed. Appx. 803, 804 (11th Cir. 2006).  An inmate receives credit for "any time he has spent in official detention" prior to when he begins serving the federal sentence if that official detention was on account of the "offense for which the sentence was imposed."  18 U.S.C. § 3585(b)(1).  "Section 3585 is not ambiguous. It only authorizes the Bureau of Prisons (BOP) to give credit for time an inmate has spent in official detention."  *Pizzichiello v. Director Federal BOP,* 193 Fed. Appx. 907 (11th Cir. 2006).  Petitioner Dale must utilize his administrative procedures with the Bureau of Prisons to have his claim for credit for time served prior to sentencing addressed.  With regard to this issue, this court has previously held that:

> Because the Bureau of Prisons must make the determination in the first place as to how much credit is to be given under § 3585(b), a prisoner who believes he is entitled to more credit must pursue his administrative remedies with the Bureau of Prisons. Only after a prisoner has exhausted his administrative remedies, may he seek review of the Bureau's decision. *United States v. Williams,* 425 F.3d 987, 990 (11th Cir.2005). *See also United States v. Herrera,* 931 F.2d 761, 764 (11th Cir.1991). When the prisoner fails to exhaust his administrative remedies, the district court is without jurisdiction to consider an application for credit. *See Williams,* 425 F.3d at 990; *Herrera,* 931 F.2d at 764.

*Jordan v. U.S.*, 2006 WL 3050811.  Therefore, this court is without the authority to provide Petitioner the relief he seeks.

WHEREFORE, IT IS RECOMMENDED that Petitioner's Application to this Court for Habeas Relief under 28 U.S.C. § 2241 be **DISMISSED** without prejudice**.**   Pursuant to 28 U.S.C. § 636(b)(1), the Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE WITHIN TEN (10) DAYS after being served with a copy hereof.

**SO RECOMMENDED,** this 27th day of February, 2009.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

eSw